UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RYAN T. HALLIGAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-02693-JPH-TAB |
| | ) |
| IHS PHARMACY, | ) |
| | ) |
| Defendant. | ) |

**Order Dismissing Complaint and Opportunity to Show Cause**

Plaintiff Ryan T. Halligan is a prisoner currently incarcerated at the Bartholomew County Jail in Columbus, Indiana. He filed this civil action alleging that he became ill after receiving the wrong medication from the pharmacy that contracts with the jail. Because he is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. The Complaint

The plaintiff alleges that on August 3, 2021, he took a pill from a blister pack provided to the jail by IHS Pharmacy, a company in Rainsville, Alabama. He bit into the pill and noticed that it tasted different than his usual prescription medication. He spit half of it out but had already swallowed the other half. The deputy passing out medication confirmed that the pill was different from the others in the blister pack. The plaintiff became very ill. His complaint asserts violations of his Fourth, Eighth, and Fourteenth Amendment rights, as well as state law claims of malpractice, emotional distress, breach of duty, and neglect. He seeks damages in the amount of $75,000.

## III. Dismissal of Complaint

Under 28 U.S.C. §§ 1331 and 1332, federal courts have "jurisdiction over two general types of cases: cases that 'aris[e] under' federal law, § 1331, and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties, § 1332(a)." *Home Depot U. S. A., Inc. v. Jackson*, No. 17-1471, 2019 WL 2257158, at *2 (U.S. May 28, 2019). Any state law claim necessarily does not arise under federal law. Therefore, the Court will first screen the plaintiff's federal claims arising under § 1331 and then address his state law claims under § 1332.

First, the plaintiff's constitutional claims are brought pursuant to 42 U.S.C. § 1983. Section 1983 "provides a cause of action for the deprivation of constitutional rights by persons acting under color of state law." *Torres v. Madrid*, 141 S. Ct. 989, 994 (2020). Assuming that IHS Pharmacy is a state actor by virtue of its contract with Bartholomew County Jail, it "cannot be held liable for damages under 42 U.S.C. § 1983 on a theory of *respondeat superior* for constitutional violations

committed by [its] employees. [It] can, however, be held liable for unconstitutional … policies or customs." *Simpson v. Brown County*, 860 F.3d 1001, 1005-6 (7th Cir. 2017) (citing *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978)). The complaint makes no allegations that the plaintiff's injuries were the result of any unconstitutional policy or custom of IHS Pharmacy. Therefore, all § 1983 claims against it are **dismissed** for failure to state a claim upon which relief may be granted.

Now that the plaintiff's federal claims have been dismissed, the Court must determine whether it has diversity jurisdiction over the plaintiff's state-law claims. The plaintiff alleges that he is a resident of Indiana and that IHS Pharmacy is a resident of Alabama. He also seeks exactly $75,000 in damages.

The plaintiff must specifically plead the citizenship—not residence—of IHS Pharmacy based on his personal knowledge. *See Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("[R]esidence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction."). Here, the plaintiff has only pleaded that IHS Pharmacy is a resident of Alabama. Therefore, he has failed to invoke the Court's diversity jurisdiction.

A corporation is deemed a citizen of any state where it is incorporated and a citizen of the state where it has its principal place of business. *See* 28 USC § 1332(c)(1); *see also Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 676 (7th Cir. 2006). Thus, if IHS Pharmacy is a corporation, the plaintiff must plead both its incorporation state and principal place of business state. *Id*.

Furthermore, the plaintiff has not alleged that the amount in controversy exceeds $75,000 as required by 28 U.S.C. § 1332. For these reasons, the plaintiff's state law claims are **dismissed without prejudice** for lack of jurisdiction.

### IV. Opportunity to Show Cause

The plaintiff's complaint must be dismissed for each of the reasons set forth above. The plaintiff shall have **through January 28, 2022,** in which to show cause why Judgment consistent with this Order should not issue or to file an amended complaint that corrects the deficiencies noted in this Order. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."); *Jennings v. City of Indianapolis*, 637 F. App'x 954, 954–55 (7th Cir. 2016) ("In keeping with this court's advice in cases such as *Luevano* . . . , the court gave Jennings 14 days in which to show cause why the case should not be dismissed on that basis.").

**SO ORDERED.**

Date: 1/4/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

RYAN T. HALLIGAN
24908
BARTHOLOMEW COUNTY JAIL
543 2nd Street
Columbus, IN 47201